[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COUNSEL
Counsel for the petitioner has filed a motion to withdraw in the above cited matter, asserting that the claims raised by the petitioner are without merit. After reviewing the petition, and the memorandum in support of counsel's motion to withdraw, the court is unable to conclude that the petitioner's claims are wholly frivolous or without merit.
This is a petition for writ of habeas corpus filed on November 10, 1998 alleging that the petitioner is illegally confined as the result of the April 17, 1998 convictions for Sexual Assault in the Second Degree and Risk of Injury to a Minor Child. The petitioner is serving a total effective sentence of eight years, suspended after two years in confinement, followed by five years on probation. The essence of the habeas claim is that the convictions and resulting incarceration are the result of the ineffective assistance of trial counsel.
Specifically, the petitioner claims that his pleas were not entered voluntarily but rather were coerced by certain actions and decisions of his trial attorney. The court finds that if the claims raised by the petitioner can be supported by credible evidence, the petitioner may be entitled to habeas relief.
In support of his motion to withdraw, habeas counsel has provided the court with a memorandum of fact setting forth a point-by-point rebuttal to petitioner's claims. It is clear to the court that if the facts alleged in the memorandum submitted by habeas counsel can be supported by credible evidence it is unlikely that the petitioner will be entitled to the relief sought. However, neither the petition submitted by the petitioner nor the memorandum submitted by habeas counsel is evidence of the facts alleged.
A memorandum setting forth an assessment of fact by counsel or by a local grievance committee is not an acceptable substitute for testimony under oath where the credibility of witnesses can be assessed by the court. Whether or not the petitioner will be able to prove his ineffective assistance of counsel claim will have to be determined after an evidentiary hearing on the merits. CT Page 13565
For the reasons stated herein, the motion to withdraw is denied.
Terence A. Sullivan Superior Court Judge